UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CIMONTUBO – TUBAGENS E SOLDADURA, LDA,<br><br>                      Plaintiff,<br><br>-against-<br><br>PETRÓLEOS DE VENEZUELA, S.A. and<br>PDVSA PETRÓLEO, S.A.,<br><br>                      Defendants. | Docket No.:<br><br>New York County Index No.:<br>652417/2020 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo") (together, "Defendants"), by their counsel, hereby remove this action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1441 and 1446. The grounds for removal are as follows:

1. Plaintiff Cimontubo – Tubagens E Soldadura, LDA ("Cimontubo") commenced this action by filing a summons and motion for summary judgment in lieu of a complaint, pursuant to section 3213 of the New York Civil Practice Law and Rules,[1] on June 11, 2020 in the Supreme Court of the State of New York, New York County, Index No. 652417/2020.

2. Cimontubo seeks a money judgment from Defendants for amounts allegedly due to it under a note agreement issued by PDVSA and guaranteed by Petróleo.

3. Defendants PDVSA and Petróleo are wholly owned instrumentalities of the Bolivarian Republic of Venezuela. On January 23, 2019, Juan Guaidó, the President of the

---

[1] CPLR 3213 provides that "[w]hen an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint."

National Assembly, was declared Interim President of Venezuela by the National Assembly pursuant to Article 233 of the Venezuelan Constitution.  In accordance with the Constitution, the National Assembly enacted the "Statute Governing the Transition to Democracy to Restore the Validity of the Constitution of the Bolivarian Republic of Venezuela" (the "Transition Statute").  Pursuant to Article 15.b of the Transition Statute, the Special Attorney General designated by Interim President Guaidó has the power to appoint counsel of state-owned entities in international litigation.

4.     Defendant PDVSA was served with copies of the summons and motion for summary judgment in lieu of a complaint through its registered agent, Corporation Service Company, on June 19, 2020.  Copies of all process, pleadings, and other papers served on PDVSA are annexed hereto as **Exhibit A**.

5.     Defendant Petróleo was served with copies of the summons and motion for summary judgment in lieu of a complaint through its registered agent, Corporation Service Company, on June 19, 2020.  Copies of all process, pleadings, and other papers served on Petróleo are annexed hereto as **Exhibit B**.

**REMOVAL OF AN ACTION AGAINST A FOREIGN STATE**

6.     This action is removable under Section 1441(d) of the Foreign Sovereign Immunities Act ("FSIA"), which provides that "[a]ny civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(d).

7.     A "foreign state" "includes . . . an agency or instrumentality of a foreign state," which is defined as an entity "(1) which is a separate legal person, corporate or otherwise, and

(2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and (3) which is neither a citizen of a State of the United States . . . , nor created under the laws of any third country." 28 U.S.C. § 1603(b).

8. Defendant PDVSA is a separate corporate legal entity from the Republic of Venezuela; it is a capital stock corporation (*sociedad anónima*) organized under the laws of Venezuela, a majority of whose shares or other ownership interest is owned by a foreign state; and is not a citizen of a State of the United States.

9. Defendant Petróleo is a separate corporate legal entity from the Republic of Venezuela; it is a capital stock corporation (*sociedad anónima*) organized under the laws of Venezuela, a majority of whose shares or other ownership interest is owned by PDVSA; and is an organ of a foreign state.

10. Defendants are thus "foreign states," as defined by 28 U.S.C. § 1603, which are entitled to invoke the rights conferred by the FSIA and to remove this action pursuant to 28 U.S.C. § 1441(d).

**PROCEDURAL REQUIREMENTS**

11. Defendants have satisfied the procedural requirements set forth in 28 U.S.C. § 1446.

12. Section 1446(a) requires the removing party to file a notice of removal "in the district court of the United States for the district and division within which such action is pending," which Defendants satisfy with the filing of this Notice of Removal.

13. Section 1446(a) also requires the removing party to provide a copy to the district court of all process, pleadings, and orders served on the defendants in the state action, which Defendants satisfy by attaching these documents to this Notice of Removal as Exhibits A and B.

14. Under Section 1446(b)(1), notice of removal must be filed within thirty (30) days the defendant's receipt of the initial pleading. Defendants first received the motion for summary judgment in lieu of a complaint, the initial pleading, on June 19, 2020. This Notice of Removal, therefore, is timely.

15. Under Section 1446(d), written notice of removal must be promptly provided to all adverse parties, and a copy of the notice of removal must be filed with the clerk of the state court. Defendants' counsel is serving a copy of this Notice of Removal on Cimontubo's counsel and is filing a copy with the Clerk of the Supreme Court of the State of New York, New York County.

WHEREFORE, notice is given that this action is removed from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York.

Dated: July 13, 2020

        HOGAN LOVELLS US LLP

By: /s/ Dennis H. Tracey, III
    Dennis H. Tracey, III
    Robin L. Muir
    390 Madison Avenue
    New York, New York 10017
    Tel: (212) 918-3000
    Fax: (212) 918-3100
    dennis.tracey@hoganlovells.com
    robin.muir@hoganlovells.com

    *Counsel for Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*