**WILK AUSLANDER**

Wilk Auslander LLP      T  212-981-2300
1515 Broadway           F  212-752-6380
New York, NY  10036     wilkauslander.com

Stuart M. Riback
Partner
(212) 981-2326
sriback@wilkauslander.com

July 15, 2020

**VIA ECF**
Hon. George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street, Room 1310
New York, New York 10007

> Re: *Cimontubo - Tubagens e Soldadura, Lda.* v. *Petróleos de Venezuela, S.A and PDVSA Petróleo, S.A..*, *Index No. 1:20-cv-05382(GBD) (Request to confirm conversion of CPLR 3213 motion into a motion for summary judgment under Fed. R. Civ. P. 56)*

Dear Judge Daniels:

  This firm represents plaintiff, Cimontubo – Tubagens e Soldadura Lda. ("Cimontubo") in the above-referenced action (the "Action") that defendants removed to this Court from New York Supreme Court, New York County on July 14, 2020 pursuant to the removal provisions of the Foreign Sovereign Immunities Act, codified at 28 U.S.C. § 1441(d).  Cimontubo initially filed this action by way of a motion for summary judgment in lieu of complaint under Section 3213 of the New York Civil Practice Law and Rules (the "CPLR 3213 Motion").  As Your Honor no doubt is aware, a CPLR 3213 motion does not require a complaint, but only an affidavit in support of the motion.  Upon removing the Action to this Court, defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("PDVSA Sub," and, with PDVSA, "Defendants") filed with this Court all papers filed on the CPLR 3213 Motion.  (Docs. 1-1 and 1-2).

  Upon removal to federal court, a motion under CPLR 3213 is automatically converted into a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure with no further action required by Plaintiff.  *See*, *e.g.*, *Beaufort Capital Partners LLC v. Oxysure Sys., Inc.*, No. 16-CV-5176 (JPO), 2017 WL 913791, at *2 (S.D.N.Y. Mar. 7, 2017) ("Upon removal to federal court, a New York C.P.L.R. section 3213 motion for summary judgment in lieu of complaint is converted to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure") (citing *Tabatznik v. Turner*, No. 14 Civ. 8135, 2016 WL 1267792, at *4 n.2 (S.D.N.Y. Mar. 30, 2016); *Valley National Bank v. Oxygen Unlimited, LLC*, No. 10 Civ. 5815, 2010 WL 5422508, at *2 (S.D.N.Y. Dec. 23, 2010); *see also D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 108 (2d Cir. 2006) ("It is well established that the district court takes the removed action in the posture in which it existed when it is removed from a state court's jurisdiction and must give effect to all action and procedures accomplished in a state court prior to removal") (internal citation and quotations omitted).

01148821.2

WILK AUSLANDER

Hon. George B. Daniels
July 15, 2020
Page 2

      In an abundance of caution and in the interest of clarity, we respectfully request that the Court confirm that the CPLR 3213 Motion will be proceed as if filed under Rule 56.  Although we believe it is not strictly necessary under the case law cited above, to the extent the Court may desire any additional filings, such as a new notice of motion, we are prepared to provide such documentation in short order.  We intend in any event to consult with Defendants' counsel to agree on an appropriate briefing schedule that will bring this matter before Your Honor in good order.

      Thank you for the Court's time and attention to this matter.

      Respectfully submitted,

      *Stuart M. Riback*

      Stuart M. Riback

cc:  Robin Muir, Esq. (via ECF)

01148821.2