

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

Robin L. Muir
Senior Associate
T +1 212 918 3264
robin.muir@hoganlovells.com

July 16, 2020

*VIA ECF*

Hon. George B. Daniels
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Cimontubo – Tubagens e Soldadura, Lda. v. Petroleo de Venezuela, S.A., et al.*
S.D.N.Y. Docket No. 1:20-cv-05382(GBD)
Defendants' Forthcoming Motion Under Fed. R. Civ. P. 56(d)

Dear Judge Daniels:

This firm represents defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo" and together with PDVSA, "Defendants") in the above-referenced action. The action was commenced by plaintiff Cimontubo – Tubagens e Soldadura, Lda. ("Cimontubo") by motion for summary in judgment in lieu of a complaint in the Supreme Court of the State of New York, New York County and then removed by Defendants to this Court on July 13, 2020. (Dkt. No. 5.)

We write in response to the letter filed by Cimontubo's counsel seeking confirmation that its motion for summary judgment in lieu of a complaint will be automatically converted to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. (Dkt. No. 9.) Defendants do not dispute that after removal to a federal district court, a motion for summary judgment in lieu of a complaint is treated as a motion for summary judgment under Rule 56.

We write to advise the Court that Defendants intend to seek relief under subsection d of Rule 56 – "When Facts Are Unavailable to the Nonmovant" – which authorizes a court to deny or defer consideration of the motion or allow discovery, among other relief, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). As we will explain in our forthcoming motion, due to the illegitimate actions of the Maduro regime in Venezuela, Defendants do not have access to the personnel and documents of the government and its instrumentalities, including the information relevant to the subject matter of this action. As a result, Defendants do not have the information needed to respond to Cimontubo's allegations or obtain the necessary documents and testimony to oppose Cimontubo's summary judgment motion. Nor have Defendants had the opportunity to seek such information through discovery. Accordingly, Defendants will seek appropriate relief under Fed. R. Civ. P. 56(d).

We plan to confer with Cimontubo's counsel on a briefing schedule on Defendants' forthcoming motion and will promptly update the Court on the parties' proposed schedule. Given the nature of the relief sought, we respectfully submit that any briefing on Cimontubo's summary judgment motion is premature and should be held in abeyance until Defendants' motion is decided.

Respectfully yours,
/s/ Robin L. Muir
Robin L. Muir