**WILK AUSLANDER**

Wilk Auslander LLP    T 212-981-2300
825 Eighth Avenue, Suite 2900    F 212-752-6380
New York, NY 10019    wilkauslander.com

Stuart M. Riback
Partner
(212) 981-2326
sriback@wilkauslander.com

February 4, 2021

**VIA ECF**

Hon. George B. Daniels
United States District Court – Southern
District of New York
500 Pearl Street – Room 1310
New York, New York 10007

      **Re:**    *Cimontubo – Tubagens e Soldadura Lda. v. Petroleos de Venezuela, S.A. et ano.*, 20 Civ. 5382 (GBD) – Receipt of documents from BancoBIC; effect on summary judgment motion

Dear Judge Daniels:

    This firm represents the plaintiff Cimontubo – Tubagens e Soldadura Lda. ("Cimontubo") in the referenced action. Cimontubo is seeking payment on a promissory note issued to it by defendant PDVSA and guaranteed by PDVSA's subsidiary. Currently pending before the Court is Cimontubo's motion for summary judgment.

    As Your Honor no doubt recalls, at the December 1, 2020 hearing (the "Dec. 1 Hearing") before the Court on Cimontubo's summary judgment motion (transcript attached for the Court's convenience as Exhibit 1), Your Honor had the following interchange with, and instructions to, Defendants' counsel:

> THE COURT: Mr. Tracey, what would be your argument that you were entitled to some greater discovery if these two banks, who are the only two banks who have communicated they were involved in any payment, indicated that in fact we have no record of such an attempted wire transfer that we rejected from any bank?
>
> MR. TRACEY: Your Honor, I think that would be strong evidence that an impossibility defense does not exist.

        \*   \*   \*

01176390.2

Hon. George B. Daniels
February 4, 2021
Page 2

> [THE COURT:] I'll ask the bank now. And I'll see, before I render a decision, whether or not we can get something quickly back from the bank as to whether or not they have such records to produce. So I will defer the decision until we get a response to that subpoena or February 1, whichever comes first.
>
> So get me, as quickly as possible, a targeted subpoena for me to so order which would be limited to a direct response by the bank, either one of those two banks, to produce documents that indicate an attempted wire transfer between these parties that was not honored by that bank. And it should be limited to that at this point.

(Tr. 12/1/2020, at 44-46).  The Court thereafter issued letters rogatory to the two banks (actually three, because one bank had a successor entity) at Defendants' request; apparently none of them is subject to subpoena in the United States.

We have now received documents from Banco BIC Portugues, S.A., which does business under the name EuroBIC, in response to the letter rogatory addressed to it.  EuroBIC is Cimontubo's bank.  Annexed as Exhibit 2 is a copy of the covering letter that appears at pages 3 and 4 of the PDF file that EuroBic produced in response to the document requests contained in the letters rogatory.  Annexed as Exhibit 3 a certified translation of that covering letter contained in Exhibit 2 (all highlighting contained in Exhibits 2 and 3 is in the original versions; we have redacted bank account numbers contained in Exhibits 2 and 3).

As the Court will recall, the purpose of the document requests in the letters rogatory is to ascertain whether there is evidence that PDVSA attempted to send a wire to Cimontubo only to have the wire rejected due to United States sanctions.  (The idea is that any such rejection would be evidence in favor of an impossibility defense.)  As set forth on the second page of Exhibit 3, here is what EuroBIC had to say about that:

> [W]e indicate that, upon consulting our Money Laundering/Terrorism Financing Prevention tool, no transfers received from the Petróleos da Venezuela, SA company with a destination of the CIMONTUBO company which have been the target of analysis and refusal by EuroBic have been identified by EuroBic.

This is especially notable in light of EuroBIC's description of its robust sanctions compliance procedures, also set forth on the same page of Exhibit 3.

01176390.2

Hon. George B. Daniels
February 4, 2021
Page 3

      As the Court indicated at the Dec. 1 Hearing, "I will defer the decision until we get a response to that subpoena or February 1, whichever comes first." (Tr., 12/1/2020 at 46). We now have at least part of the response to the letters rogatory, which is inconsistent with any impossibility defense that Defendants could assert in opposition to the summary judgment motion. Additionally, February 1 has already passed. Accordingly, we respectfully submit that there is no reason to defer any further ruling on Cimontubo's motion for summary judgment.

      Finally, we must point out again that the record already demonstrates the lack of any basis for any impossibility defense, because it was never impossible for PDVSA to pay Cimontubo. PDVSA's counsel stated the premise for the impossibility defense at the Dec. 1 Hearing:

> These payments [from PDVSA to Cimontubo] had to be made in dollar denomination.
>
> All dollar denomination payments are routed through financial institutions with U.S. connections. So [the US sanctions on Venezuela] absolutely applies to this case, as well as any other.

(Tr. 12/1/2020, at 35). The record shows, however, that of the four payments PDVSA made to Cimontubo on the Note, the last two were made in Euros, not dollars. Reply Declaration of Paulo Amaral dated September 10, 2020, ¶ 11 & Exhibits 9-12 (Dkt. No. 17). Thus, it is simply not true that the payments "had to be made in dollar denomination." Irrespective of the legal reason why that is so (whether amendment by conduct, waiver, practical construction or some other theory), the fact is that payment in Euros was perfectly acceptable. So the impossibility defense necessarily fails no matter what any further documents may show (though the current indications are that PDVSA made no attempt to pay after January 2018).

      Thank you for the Court's attention to this matter.

      Very truly yours,

      /s/Stuart M. Riback
      Stuart M. Riback

cc:    All counsel via ECF

01176390.2