**WILK AUSLANDER**

Wilk Auslander LLP      T  212-981-2300
825 8th Avenue
Suite 2900              F  212-752-6380
New York, NY  10019     wilkauslander.com

Stuart M. Riback
Partner
(212) 981-2326
sriback@wilkauslander.com

February 8, 2021

**VIA ECF**

Hon. George B. Daniels
United States District Court – Southern
 District of New York
500 Pearl Street – Room 1310
New York, New York 10007

      Re:    *Cimontubo – Tubagens e Soldadura Lda. v. Petroleos de Venezuela, S.A.* et ano., 20 Civ. 5382 (GBD) – Letter motion to direct PDVSA to cease violating the Court's instructions at the December 1, 2020 hearing as to the scope and form of permitted discovery; and response to PDVSA's February 5, 2021 letter

Dear Judge Daniels:

      This firm represents the plaintiff in the referenced action, Cimontubo – Tubagens e Soldadura Lda. ("Cimontubo").  I write to request that the Court direct PDVSA to cease violating the Court's instructions at the December 1, 2020 hearing as to the scope and form of permitted discovery.  PDVSA, as the Court intuited, is searching for a defense; it does not have one.  But it is trying to expand the scope of discovery in hopes of delaying decision of the pending motion.  The discovery to date shows that there was no attempt by PDVSA to pay Cimontubo on the Note that was blocked by sanctions.  That is the only thing discovery was supposed to address.  PDVSA should not be permitted to try out new theories and broader discovery.  This letter was prompted by PDVSA's disclosure in its February 5, 2021 letter to Your Honor (Dkt. 33), which virtually concedes PDVSA is disregarding the Court's instructions.

      We are not certain whether this is to be regarded as a motion under Local Rule 37.2.  If it is, we respectfully request that the Court treat this as a request for a pre-motion conference.

      1.    **PDVSA is seeking to contravene the Court's instructions at the December 1 hearing.**

      The Court at the December 1, 2020 hearing authorized discovery for purposes of ascertaining whether PDVSA attempted to make a fifth wire transfer and had it rejected.  That was the sole basis for authorizing discovery:

> THE COURT:  So why wouldn't it make sense, before I decide this motion, to issue such a subpoena to these two banks and hopefully get a response in the next 30 days, 30 to 60 days?

**WILK AUSLANDER**

Hon. George B. Daniels
February 8, 2021
Page 2

> And if they come back and say, we've searched our records. There is no such attempted wire transfer that was rejected and, if that's the case, grant summary judgment and you're finished.
>
> MR. RIBACK: I'm prepared to cooperate with whatever the Court wishes.
>
> THE COURT: Mr. Tracey, what would be your argument that you were entitled to some greater discovery if these two banks, who are the only two banks who have communicated they were involved in any payment, indicated that in fact we have no record of such an attempted wire transfer that we rejected from any bank?
>
> MR. TRACEY: Your Honor, I think that would be strong evidence that an impossibility defense does not exist. (Tr. 12/1/2020, at 43-44).

As we showed in our last letter to Your Honor (Dkt. 32), the documents EuroBIC produced in fact say EuroBIC has no evidence of such an attempt having been made. **Defendants have not suggested otherwise**. Nevertheless, PDVSA wants to delay matters by taking depositions of EuroBIC and other banks. It has requested leave to do so from the Portuguese courts. But the Court at the hearing contemplated discovery only of documents, not depositions. As the Court explicitly said on the record:

> I'll see, before I render a decision, whether or not we can get something quickly back from the bank **as to whether or not they have such records to produce**. So I will defer the decision until we get a response to that subpoena or February 1, whichever comes first. So get me, as quickly as possible, a targeted subpoena for me to so order which would be **limited to a direct response by the bank, either one of those two banks, to produce documents that indicate an attempted wire transfer between these parties that was not honored** by that bank. And it should be limited to that at this point.

(Tr. 12/1/2020, at 46) (emphasis added).

PDVSA also advances a new theory for taking discovery. Its February 5 letter (Dkt. 33) says it wants discovery about the reasons why PDVSA paid Cimontubo in Euros rather than dollars. The payment in Euros was in the record already at the time of the December 1 hearing but PDVSA never suggested that was relevant, despite the Court asking PDVSA repeatedly at the hearing what factual basis it had for resisting summary judgment. PDVSA now argues – bizarrely – that payment in Euros is evidence of impossibility. Leaving aside the fact that evidence of a payment cannot be evidence that payment was impossible, this is clearly an attempt by PDVSA to expand the scope of discovery beyond what the Court permitted.

01176672.2

**WILK AUSLANDER**

Hon. George B. Daniels
February 8, 2021
Page 3

Cimontubo did not object to the proposed letter rogatory that permitted testimony because testimony may have been needed to establish provenance or authenticity or chain of custody or the like with respect to documents. But PDVSA has raised no such issues. Instead it wants to launch a fishing expedition on other issues, which is likely to cause months of delays. That is directly contrary to the Court's instructions. Cimontubo did not anticipate that PDVSA would disregard the Court's directions so brazenly. The Court should direct PDVSA to withdraw any requests in Portugal to take testimony and to limit its discovery to any rejected attempts to pay.

### 2. PDVSA's misdescription of the contents of the documents EuroBIC has produced.

The second page of PDVSA's letter describes a January 2019 email in which Cimontubo states that it expects to be paid in full by PDVSA "in the next few days," and that the payment was not received. This is stated to be a justification for further discovery. We have since discussed this email with PDVSA, and explained that what was to be paid in full is **trade debt under a separate contract**, not the Note. We are annexing the email as Exhibit 1 and a certified translation as Exhibit 2 to this letter.

As the Court will note, the email explicitly says **in the very same sentence** that the contract is what is being paid in full. That contract is referenced in the subject line of the email. Not only that, EuroBIC produced its copy of that contract, in Spanish – more than 40 pages -- which immediately precedes that email in the production. Also, the amount to be paid is "18,927,455.09 USD," a number which matches up with nothing in the Note – neither interest nor principal. As the Court will recall, each of the interest payments on the Note was around $1/2 million (*see* Dkt. 17 at ¶ 11). The amount of the Note was roughly $36 million. The almost $19 million payment referred to in the email has nothing to do with the Note at all.

Though not relevant for current purposes, Cimontubo was indeed paid the almost $19 million debt that the email refers to. It was paid in Euros, to an account at a different bank, which is why EuroBIC did not produce a record of the payment.

We have gone over all this with PDVSA and it appears that they are no longer advancing this particular email as a reason to take discovery. But PDVSA nevertheless is pressing ahead with seeking to take depositions and moving on to other theories beyond what the Court authorized.

Finally, we must point out the email's statement that, although the amount is payable in dollars, the payment will be made in Euros. This once again confirms that PDVSA and Cimontubo agreed it was acceptable for PDVSA to pay dollar-denominated obligations to Cimontubo in Euros. The obvious import of this is that payment was never impossible.

**WILK AUSLANDER**

Hon. George B. Daniels
February 8, 2021
Page 4

     **3.    PDVSA is urging the Court again to disregard the Court's own December 1 rulings in order to delay.**

The Court specifically told PDVSA at the hearing that if there was no evidence from the two banks by February 1 of an attempted-but-blocked fifth payment, it would proceed to decide the motion (Tr. 12/1/2020, at 44-45). Yet here we are with PDVSA seeking more discovery than the Court contemplated (depositions rather than just documents; and on new "issues"), and taking much longer than the Court contemplated. As the Court stated on the record, "I will defer the decision until we get a response to that subpoena or February 1, whichever comes first." In other words, Your Honor specifically accounted for the possibility that the banks would not completely respond before February 1. PDVSA has provided precisely zero reason to believe that further delay or further discovery will result in any evidence of an attempted payment that was blocked.

To ensure PDVSA causes no further, and futile, delay and expense, the Court should direct PDVSA to comply with the Court's previously stated limits and should not permit PDVSA to take any further steps to delay a decision.

                                     Very truly yours

                                       /s/ Stuart M. Riback
                                     Stuart M. Riback

cc:      All counsel of record via ECF

01176672.2