UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
CIMONTUBO – TUBAGENS E SOLDADURA,
LDA

                              Plaintiff,

            -against-

PETRÓLEOS DE VENEZUELA, S.A. and
PDVSA PETRÓLEO, S.A.,

                             Defendants.
------------------------------------------x

MEMORANDUM DECISION
AND ORDER

20 Civ. 5382 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Cimontubo – Tubagens E Soldadura, LDA ("Cimontubo") originally filed its motion for summary judgment in lieu of complaint pursuant to N.Y. C.P.L.R. § 3213 in the New York State Supreme Court, New York County. Plaintiff alleges that Defendants Petróleos De Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. defaulted on a promissory note and note agreement by failing to pay the outstanding principal and interest balance. (Mem. of Law in Supp. of Pl.'s Mot. for Summary J. in Lieu of Compl., Exhibit A, ECF No. 1-1, at 171.) This Court granted Plaintiff's motion for summary judgment on March 4, 2021. (Mem. Decision and Order dated March 4, 2021 ("March 4 Decision"), ECF No. 37.)

Before this Court is Defendants' motion for reconsideration of the March 4 Decision. (Mem. of Law in Supp. of Defs.' Mot. for Reconsideration ("Defs.' Mem."), ECF No. 43.) Defendants' motion for reconsideration is DENIED.[1]

---

[1] A complete factual background is set forth in *Cimontubo - Tubagens E Soldadura, LDA v. Petroleos De Venezuela, S.A.*, No. 20 CIV. 5382 (GBD), 2021 WL 827133 (S.D.N.Y. Mar. 4, 2021). Familiarity with the Court's prior decision is assumed.

## I. LEGAL STANDARD

"Reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Brook v. Simon*, No. 17 Civ. 6435 (GBD), 2021 WL 878561, at *1 (S.D.N.Y. Mar. 9, 2021) (citing *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*; *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "Grounds justifying reconsideration include 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Bascunan v. Elsaca*, No. 15 Civ. 2009 (GBD), 2020 WL 5521778, at *2 (S.D.N.Y. July 22, 2020) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citations omitted).

## II. DEFENDANTS' MOTION FOR RECONSIDERATION IS DENIED

Defendants' motion for reconsideration fails to identify any new controlling law, evidence, or clear error made in the March 4 decision. In sum, Defendants contend that this Court should reconsider its decision because it (1) misconstrued an email dated January 21, 2021, from Banco BIC Portugues, S.A. ("Banco BIC Email", ECF No. 32-3) as inconsistent with an impossibility

2

defense[2] and (2) overlooked the significance of completing discovery into Novo Banco and having access to all of Defendants' discovery request letters. (Defs.' Mem. at 7.) To justify reconsideration of the March 4 Decision, Defendants need to provide justification that might reasonably be expected to alter the conclusion that no genuine issue of material fact exists. *See* Fed. R. Civ. P. 56(a). None of Defendants' arguments warrant reconsideration.

The Defendants do not contend that payment to Plaintiff was in fact made. They simply sought and were granted an opportunity to ask Banco BIC if it had any record of such an unsuccessful attempted transfer. Banco BIC responded by email that it could not identify such an attempted transaction. The fact that it "is not operationally possible" for Banco BIC to identify "transfer attempts" does not establish a genuine issue of material fact regarding whether Defendants attempted to or paid Plaintiff. If such details are operationally impossible to obtain, no further discovery is going to illuminate them. Further, the Banco BIC Email firmly establishes that the bank received no transfers from Defendants to Plaintiff—those points nullify Defendants' impossibility defense. Indeed, as defense counsel conceded at oral argument, such a response from Banco BIC is evidence, if not "strong evidence[,] that an impossibility defense does not exist." (Tr. of Oral Arg. at 44:11–18.) Thus, as stated in the March 4 Decision, the Banco BIC email is inconsistent with Defendants' impossibility defense. Defendants have not put forth any evidence that would support an impossibility defense.

---

[2] After oral argument, at Defendants' request, this Court issued a letter rogatory to Banco BIC (the Portuguese bank that handled Defendants' earlier payments to Plaintiff) in an attempt to obtain any possible confirmation that the alleged missing payments were, in fact, transferred. (Tr. of Oral Arg. dated December 1, 2020, ECF No. 24, 43:18–46:21.) Banco BIC responded with the following relevant information: "[W]e indicate that it is not operationally possible for the Bank to identify the funds transfer attempts to CIMONTUBO's account. However, we indicate that, upon consulting our Money Laundering/Terrorism Financing Prevention tool, no transfers received from the Petróleos da Venezuela, SA company with a destination of the CIMONTUBO company which have been the target of analysis and refusal by EuroBic have been identified by EuroBic." (ECF No. 32-2.) Banco BIC's response was sent to this Court for consideration on February 4, 2021.

3

This Court did not overlook Defendants' discovery request regarding Novo Banco. Defendants' request was denied because they did not put forth any evidence obtained during the reasonable time period previously granted by this Court to support the existence of an impossibility defense or show that additional discovery would be fruitful. (March 4 Decision, at 10.) That fact has not changed; as of this decision Defendants still have not put forth any evidence obtained since the issuance of the letters rogatory on December 10, 2020 to warrant additional discovery time or effort. Reviewing Defendants' correspondence with the Portuguese Court and Ministry of Justice is not going to alter this fact.

Moreover, Defendants contend that "the Court should allow [] minimal discovery in order to prevent a clear violation of Defendants' due process rights" because they now believe Novo Banco is the only bank that would have evidence of attempted payments. (Defs.' Mem., ECF No. 43, at 9; Reply Mem. in Supp. of Defs.' Mot. for Reconsideration, ECF No. 51, at 2.) A motion for reconsideration, however, is "not a vehicle for relitigating old issues." *Analytical Survs., Inc.*, 684 F.3d at 52. As aforementioned, Defendants' argument regarding their due process rights ignores the fact that this Court previously deferred a decision on Plaintiff's motion in order to provide Defendants with a reasonable opportunity to obtain any evidence of an attempted bank transfer.[3] To be sure, Defendants' conjecture, without more, does not indicate further discovery is warranted. This Court will not further prolong adjudication of this matter for Defendants to continue to search in vain for a defense. It was Defendants' burden to present evidence sufficient to show that additional discovery would be fruitful. Defendants failed to meet that burden.[4] Accordingly, Defendants' motion for reconsideration is denied.

---

[3] In fact, this Court afforded Defendants an additional month beyond the initial discovery deadline.

[4] Contrary to Defendants' contention, *Dresser-Rand* is inapposite and does not support further discovery in this case. 439 F. Supp. 3d 270, 273–74 (S.D.N.Y. 2020). That case concerned PDVSA's (a Venezuelan

4

### III.   CONCLUSION

Defendants' motion for reconsideration, (ECF No. 42), is DENIED. The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
November 1, 2021

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

---

company) ability to pay a Texas based plaintiff, using a New York-based bank to send payment to another New York-based bank. It is unclear how Defendants' contend that case informs whether discovery would be fruitful here, where, the case concerns a Venezuelan company's ability to pay a Portuguese company using a Portuguese bank to send payment to another Portuguese bank. Indeed, it does not and further time for discovery is not warranted here.

5